I respectfully dissent. The actions by the police officers in this case were perfectly reasonable under all the circumstances confronting them. The defendant was seen leaving a house they had just searched two weeks earlier and recovered crack cocaine and weapons. The area around the house was as the trial court stated "a high crime area for drugs and weapons offenses." The officers testified drug activity was continuing in the house and they were planning on executing another search warrant at that location the next night.
The officers did not stop the defendant. The defendant flagged down these officers with his right hand in his pocket. Although the defendant removed his hand from his pocket he kept that hand clenched. Officer Hall asked the defendant what he wanted and the defendant did not respond to him. When he asked the defendant again, the defendant mumbled something incoherent to the officer.
Hall testified he thought the defendant might be intoxicated on a form of crack cocaine or may have mental problems. Hall testified that in light of all the circumstances, he wanted to conduct a quick pat down of the defendant to assure himself that the defendant didn't have any weapons on him. (Tr. 13). Hall said as he reached for the defendant's left hand which the defendant was waving, the defendant popped something in his mouth with his right hand. Hall said, in light of his experience, he thought the defendant was trying to swallow crack cocaine so he wouldn't be arrested for possessing it. On cross-examination, Officer Hall stated he actually touched the defendant's left hand immediately before the defendant attempted to swallow the crack cocaine. The trial court found that Officer Hall seized the defendant when he grabbed his left hand and there was present no reasonable articulable suspicion of criminal activity as required by Terry v. Ohio and its progeny.
The Fourth Amendment requires "some minimal level of objective justification for making a stop." INS v. Delgado (1984), 466 U.S. 210. That level of suspicion is considerably less than proof of wrong doing by a preponderance of the evidence. U.S. v. Sokolow (1989), 490 U.S. 1. The test is whether an objectively reasonable officer would have a reasonable suspicion that the defendant was engaged in unlawful activity under all the circumstances confronting the officer and whether there was reason to suspect he may be armed and dangerous.
Officer Hall confronted a man who had just left a crack house who was acting strangely and who responded incoherently to him when questioned. Officer Hall's concern that the defendant might be intoxicated on crack and be a danger to him and the other officer was certainly objectively reasonable under all the circumstances.
The defendant's act of throwing something into his mouth then provided probable cause that he was about to swallow crack cocaine and the resulting arrest was lawful. See, State v. Victor (1991),76 Ohio App.3d 372; State v. Nievas (March 7, 1996), Cuyahoga App. 69284, unreported. I would reverse the trial court's decision and remand this matter for trial.